AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| BILLINGS DIVISION | District of | MONTANA |
|---|---|---|

FILED
BILLINGS DIV
2007 NOV 14 PM 4:47
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA
V.
KENNETH KYLE WYNN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-06-145-BLG-JDS-01
USM Number: 09641-046

Wendy Holton
Defendant's Attorney

## THE DEFENDANT:

x pleaded guilty to count(s)  1, 2, 4, 9 and 11

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(2) | Distribution or receipt of child pornography | 02-06-2006 | 1 |
| | | 05-13-2006 | 2 |
| | | 05-22-2006 | 4 |
| 18:2252A(a)(5)(B) | Possession of child pornography | 09-03-2006 | 9 |
| 18:2253(a) | Forfeiture | 09-03-2006 | 11 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x Count(s)  3,5,6,7,8, and 10   ☐ is   x are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 31, 2007
Date of Imposition of Judgment

*Jack D. Shanstrom* (signature)
Signature of Judge

Jack D. Shanstrom, Senior U.S. District Judge
Name and Title of Judge

November 14, 2007
Date

DEFENDANT: Kenneth Kyle Wynn
CASE NUMBER: CR-06-145-BLG-JDS-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

168 months. This is 168 months on each of Counts 1, 2, and 4, and 120 months on Count 9, concurrent, for a total of 168 months. (Count 11 is forfeiture.)

x The court makes the following recommendations to the Bureau of Prisons:
That defendant be designated to a federal facility as close as possible to Cheyenne, Wyoming as he has family in that area. The Court also recommends that defendant continue to receive medical treatment for conditions outlined in the medical letters attached to this judgment, and continue to receive prescription medications as depicted in these attachments.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:      Kenneth Kyle Wynn
CASE NUMBER:    CR-06-145-BLG-JDS-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

15 years. This is 15 years on each of Counts 1, 2, 4, and 9, concurrent, for a total of 15 years. (Count 11 is forfeiture.)

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Kenneth Kyle Wynn
CASE NUMBER: CR-06-145-BLG-JDS-01

# SPECIAL CONDITIONS OF SUPERVISION

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit any Federal, state or local crime, shall not possess a controlled substance, and shall be prohibited from owning, using or being in constructive possession of firearms or other dangerous devices while on supervision and any time after the completion of the period of supervision unless granted relief by a delegate of the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act. Further, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been approved by this Court. The defendant shall also comply with the following special condition(s):

1. The defendant shall participate in substance abuse testing, to include not more than 104 urinalysis tests and not more than 104 breathalyzer tests annually during the period of supervision. The defendant is to pay all or part of the costs of testing as determined by the United States Probation Officer.

2. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

3. The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

4. The defendant shall enter and complete a sex offender treatment program as directed by and until released by the United States Probation Office. The defendant shall abide by the policies of the program. The defendant is to pay all or part of the costs of treatment as determined by the United States Probation Officer.

5. The defendant shall submit his person, residence, place of employment, or vehicle, to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

6. The defendant shall register in person as a sex offender with local/tribal/county law enforcement in the jurisdiction in which he/she resides, is employed, and is a student within three (3) business days of the defendant's arrival in that jurisdiction.

7. The defendant shall, not later than three (3) business days after each change of name, residence, employment, and/or student status, appear in person in at least one jurisdiction in which he/she is required to register to report such changes.

8. If required to register as a sex offender under the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit his/her person, and any property, house, residence, vehicle, papers, computer, other electronic communication data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a conditions of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

9. The defendant shall not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. He shall not patronize any place where such material or entertainment is available. The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers.

10. The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon him, unless excused by the probation officer.

11. The defendant shall sign the necessary consent form to allow the probation officer to verify utility and telephone access (services) and bills (both past and present) to his residence.

12. The defendant shall not possess or use any computer or other electronic device which can provide access to the Internet.

13. The defendant shall not be allowed to reside in the home, residence, or be in the company of any child under the age of 18 without prior approval of United States Probation.

14. The defendant shall not go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

15. The defendant shall not date or socialize with anybody who has children under the age of 18 without the permission of the probation office.

16. The defendant shall not possess camera phones or electronic devices that could be used for covert photography.

DEFENDANT: Kenneth Kyle Wynn
CASE NUMBER: CR-06-145-BLG-JDS-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 400.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Kenneth Kyle Wynn
CASE NUMBER: CR-06-145-BLG-JDS-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  x  Lump sum payment of $ __400.00__ due immediately, balance due

  ☐ not later than _____ , or
  x in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  x F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  x  Special instructions regarding the payment of criminal monetary penalties:

  Payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk, United States District Court, Federal Building, Room 5405, 316 North 26th St., Billings, MT 59101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Hawkins-Lindstrom Clinic
*of St. Peter's Hospital*

William M. Batey, M.D., D.A.B.F.P.
Karen E. Cody, M.D., D.A.B.F.P.
Philip A. Hess, M.D., D.A.B.F.P.
Sheri S. Howell, M.D., D.A.B.F.P.
Michael S. Strekall, M.D., D.A.B.F.P., F.A.A.F.P.
Trena K. Bonde, M.D., D.A.B.F.P

405 Saddle Drive • Helena, Montana 59601 • Ph.: (406) 442-0120 • Fax: (406) 447-2975

Michelle Krings, RHIA, Clinic Site Manager

January 5, 2007

To Whom It May Concern:

**RE:   Kenneth Kyle Wynn**

This is a letter to outline this patient's chronic medical problems. He has suffered with Crohn's disease now for approximately 11 years. This is an inflammatory disease of the intestine that causes abdominal pain, recurrent diarrhea and a complication called fistulas which is a tunnel between the intestine and the external skin. He has suffered such complications, and these tend to be worse when his disease flares. The cause of flares of Crohn's disease varies from patient to patient. This patient is currently maintained on a medication called Asacol. He also takes over-the-counter acidophilous and a multivitamin in order to keep his disease under control.

This patient also has chronic arthritis in his right shoulder. He does require daily medication in order to control the pain. Currently, he is on a medication called Mobic. He has been consulted with a specialist regarding the care of this particular condition. Working overhead seems to aggravate this and cause an increase in pain.

I do think that these conditions will probably require a specialist's care, most specifically the Crohn's disease if there is a flare-up. Also, if the patient's arthritis in the shoulder tends to persist and worsen and is uncontrolled with medications, that would also require a specialist's care.

Sincerely,

William M. Batey, M.D.
Family Physician

WMB/ka

03/05/07

Kyle Wynn
1422 Cole Ave.
Helena, MT 59601

To Whom It May Concern:

Mr. Kyle Wynn has had a diagnosis of Crohn's disease for a number of years. He has done reasonably well with this but could have flare-ups at anytime. These would probably manifest as diarrhea with abdominal pain and possibly bleeding, or simply drainage from the perianal area from a fistula. He has had this latter condition previously. Prompt attention to his therapy at that time would be extremely helpful in avoiding complications.

Sincerely,


Kenneth V. Eden, M.D.

KVE/ti

CC: ~

Dictated by: Kenneth Eden M.D.

M000843806            **WYNN,KENNETH KYLE**
V00030846666             Adm.                          Medical Specialists
Status: REG CLI          ENDO                          2525 Broadway Suite #200
**Patient Letter**       Report number: 0305-0006      Helena, Mt 59601

## HELENA ENT CLINIC

**SCOTT R. PARGOT, D.O.**
Ear, Nose and Throat
Head and Neck Surgery
Facial Plastic Surgery
Allergy

2525 E. Broadway, Suite 105
Helena, Montana 59601
Telephone: (406) 457-4160
Fax: (406) 457-4179

**MICHAEL J. DIXON, M.D.**
Ear, Nose and Throat
Head and Neck Surgery
Reconstructive
Allergy

Date: 01/02/07

Dear To Whom It May Concern,

Kenneth Kyle Wynn has been under my care in the past for chronic sinusitis. His chronic sinusitis is well-managed on twice daily saline irrigation to his nose/sinuses. I recommend continuing this to keep his chronic sinusitis symptoms under control.

Sincerely,

*Michael Dixon MD*
Michael J. Dixon, M.D.

*Addendum: pt also uses Nasonex 2 spray each nostril daily*

*Michael Dixon MD*



**William J. Schauer, D.D.S.**
**Thomas K. Ditchey, D.D.S.**

740 Helena Avenue  Helena, MT 59601  (406) 442-7980  Fax (406) 442-7989

April 26, 2007

To Whom It May Concern:

      Re: Kenneth Wynn

Due to excessive wear of Mr. Wynn's teeth, it is mandatory he wear his night guard during sleeping hours only.

Sincerely,

*William J Schauer*

Dr. William J. Schauer, D.D.S.

CC: file



KENNETH V. CARPENTER, M.D.*  
PETER D. HANSON, M.D.  
M. BROOKE HUNTER, M.D.*  
JOHN D. MICHELOTTI, M.D.*

DAVID B. HEETDERKS, M.D.*  
B. MAX IVERSON, M.D.*  
ALLEN M. WEINERT, JR, M.D.**

January 15, 2007

RE: KENNETH WYNN  
DOB: 1-12-61

To Whom It May Concern:

Mr Wynn had an evaluation and treatment of his right shoulder in 2003.

He was evaluated initially on February 10, 2003 and was found to have osteoarthritis of his right shoulder along with anterior instability and a rotator cuff tear.

He had repair of the rotator cuff on March 5, 2003 and recovered satisfactorily from that surgery.

Because of the osteoarthritis in his right shoulder he does continue to have pain consistent with that diagnosis.

The osteoarthritis in the right shoulder will limit him to lifting of 50 pounds occasionally and 20 pounds frequently below shoulder level. It will restrict him to shoulder level or above activities for no more than one hour per day.

He may require the use of non steroidal anti-inflammatory medications for treatment of pain associated with osteoarthritis of the shoulder. He may require total shoulder replacement in the future.

Sincerely,

Kenneth V. Carpenter, M. D.  
KVC/mg

2442 WINNE AVENUE, SUITE 1 ♦ HELENA, MT 59601 ♦ PHONE 406 457-4100 ♦ FAX 406-457-4110

*DIPLOMATES, AMERICAN BOARD OF ORTHOPAEDIC SURGERY ♦ FELLOWS, AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS  
**DIPLOMATE, AMERICAN BOARD OF PHYSICAL MEDICINE & REHABILITATION ♦ FELLOW, AMERICAN ACADEMY OF PHYSICAL MEDICINE & REHABILITATION

# Hawkins-Lindstrom Clinic
## of St. Peter's Hospital

405 Saddle Drive • Helena, Montana 59601
Ph.: (406) 442-0120 • Fax: (406) 447-2975

William M. Batey, M.D.
Trena K. Bonde, M.D.
Karen E. Cody, M.D.
Philip A. Hess, M.D.
Sheri S. Howell, M.D.
Margaret K. Stockwell, M.D.
Michael S. Strekall, M.D.

Name: Kenneth K. Wynn   Date: 6-8-07
Address: DOB 1-12-61

℞ Asacol 400 mg
Sig: ii po tid - #540

REFILLS: 3

DIAGNOSIS:
PHYSICIAN SIGNATURE: W Batey
DEA NO.

☐ SUBSTITUTION PERMITTED   ☐ DISPENSE AS WRITTEN

HLC-003 (Rev. 1/07)

---

# Hawkins-Lindstrom Clinic
## of St. Peter's Hospital

405 Saddle Drive • Helena, Montana 59601
Ph.: (406) 442-0120 • Fax: (406) 447-2975

William M. Batey, M.D.
Trena K. Bonde, M.D.
Karen E. Cody, M.D.
Philip A. Hess, M.D.
Sheri S. Howell, M.D.
Margaret K. Stockwell, M.D.
Michael S. Strekall, M.D.

Name: Kenneth K. Wynn   Date: 6-8-07
Address: DOB 1-12-61

℞ Celebrex 200 mg
Sig: i po q day #90

REFILLS: 3

DIAGNOSIS:
PHYSICIAN SIGNATURE: W Batey
DEA NO.

☐ SUBSTITUTION PERMITTED   ☐ DISPENSE AS WRITTEN

HLC-003 (Rev. 1/07)

## Hawkins-Lindstrom Clinic
*of St. Peter's Hospital*

405 Saddle Drive • Helena, Montana 59601
Ph.: (406) 442-0120 • Fax: (406) 447-2975

William M. Batey, M.D.
Karen E. Cody, M.D.
Philip A. Hess, M.D.
Sheri S. Howell, M.D.
Michael S. Strekall, M.D.
Trena K. Bonde, M.D.

Name: Kenneth Wynn        Date: 1-5-07
Address: _____

℞  Acidophilus 350 mg ïi caps BID
    Odorless Garlic 540 mg ïi caps BID
    GNC MegaMen Dietary Supp ï BID

REFILLS: _____
DIAGNOSIS: Crohns disease
PHYSICIAN SIGNATURE: M Batey
DEA NO.: _____

☐ SUBSTITUTION PERMITTED    ☐ DISPENSE AS WRITTEN

HLC-003 (Rev. 2/06)

---

## Hawkins-Lindstrom Clinic
*of St. Peter's Hospital*

405 Saddle Drive • Helena, Montana 59601
Ph.: (406) 442-0120 • Fax: (406) 447-2975

William M. Batey, M.D.
Karen E. Cody, M.D.
Philip A. Hess, M.D.
Sheri S. Howell, M.D.
Michael S. Strekall, M.D.
Trena K. Bonde, M.D.

Name: Kenneth Wynn        Date: 1-5-07
Address: _____

℞  Glucosamine Chondroitin
    ïi TAbs BID

REFILLS: _____
DIAGNOSIS: Osteoarthritis
PHYSICIAN SIGNATURE: M Batey
DEA NO.: _____

☐ SUBSTITUTION PERMITTED    ☐ DISPENSE AS WRITTEN

HLC-003 (Rev. 2/06)